UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIERA WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> STADIUM GROUP, LLC, et al., <br><br> Defendants. | Civil Action No. 1:22-cv-01221 (ACR) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tiera Williams filed this lawsuit against Defendants Stadium Group, LLC ("Stadium Group") and RCX, LLC ("RCX") to recover unpaid wages and statutory damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the D.C. Minimum Wage Revision Act of 1992 ("DCMWA"), D.C. Code § 32-1001 *et seq.* *See* Dkt. 1 (Complaint) at 2–3. Before this Court is Plaintiff and RCX's Joint Motion for Approval of Settlement Agreement and Release ("Joint Motion for Approval of Settlement"). Dkt. 24.[1] For the reasons explained below, the Court will grant the motion, approve the settlement agreement, and dismiss the case with prejudice.

---

[1] Plaintiff and RCX state that "the Court entered a judgment of default" against Stadium Group, Dkt. 25-1 at 1, and request that the Court "vacate the default judgment," Dkt. 24-1 at 4. The Clerk entered default against Stadium Group on September 12, 2022, *see* Dkt. 22, but default *judgment* was never entered against Stadium Group, *see* Sept. 16, 2022, Minute Order. The Court hereby vacates the Clerk's entry of default against Stadium Group.

1

## II.  LEGAL STANDARD

"The D.C. Circuit has not opined about whether judicial approval is required of FLSA settlements reached after an FLSA suit has been filed or the related issue of whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement." *Eley v. Stadium Grp., LLC*, 236 F. Supp. 3d 59, 62 (D.D.C. 2017) (quotations omitted); *see also Davis v. Kettler Mgmt.*, 2022 WL 17146742, at *1 (D.D.C. Nov. 22, 2022).  "However, given that a court's refusal to assess proposed FLSA settlements *ex ante* leaves the parties in an uncertain position, courts in this district often agree to review proposed FLSA settlements when the parties jointly seek judicial approval."  *Eley*, 236 F. Supp. 3d at 62 (cleaned up).  Yet "the Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Id.* (cleaned up).

"Courts in this District have applied a two-part test when considering whether to approve an FLSA settlement."  *Davis*, 2022 WL 17146742, at *1; *see also Carillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131–32 (D.D.C. 2014).  *First*, "the Court must ensure the agreement resolves a bona fide dispute—that is, it reflects a reasonable compromise over issues that are actually in dispute." *Davis*, 2022 WL 17146742, at *1 (quotations omitted).  *Second*, "the Court should confirm [that] the agreement is substantively fair." *Id.*[2]  "The factors that a court considers include whether the proposed settlement (1) was the product of overreaching by the employer;

---

[2] Under this second inquiry, "courts disagree as to whether to apply the framework for reviewing class-action settlements under Rule 23(e) or a more flexible approach that looks at the totality of the circumstances." *Felts v. Ark Potomac Corp.*, 2021 WL 6049880, at *1 (D.D.C. Dec. 21, 2021) (quotations omitted).  "Here, the Court will apply the totality-of-the-circumstances approach because there is no accompanying request for class certification and because that approach hews more closely to the ability for parties to resolve their disputes voluntarily, as happened here." *Davis*, 2022 WL 17146742, at *1 (quotations omitted).

(2) whether the settlement was the product of negotiation between represented parties following arm's length bargaining; and (3) whether there exist serious impediments to the collection of a judgment by the plaintiffs." *Eley*, 236 F. Supp. 3d at 63 (cleaned up); *see also Carrillo*, 51 F. Supp. 3d at 132. "[T]here is a strong presumption in favor of finding a settlement fair." *Davis*, 2022 WL 17146742, at *1 (quotations omitted); *see also Carrillo*, 51 F. Supp. 3d at 133 (citing cases).

Lastly, "when a proposed settlement of FLSA claims includes the payment of attorney[] fees, courts regularly assess the reasonableness of the fee award" by considering "the percentage of the recovery that is comprised of attorney[] fees, as well as the relationship between the costs incurred and the fees recovered." *Eley*, 236 F. Supp. at 63 (quotations omitted).

### III. ANALYSIS

Having reviewed the settlement agreement and considered the totality of the circumstances, the Court makes the following findings in support of its ruling that the settlement agreement resolves a bona fide dispute and is fair and reasonable in light of the FLSA's statutory requirements. *See Davis*, 2022 WL 17146742, at *2.

*First*, the settlement agreement here resolves a bona fide dispute. The parties disagree over whether Plaintiff was an employee or independent contractor under the FLSA, "the possible application of other affirmative defenses," and whether "any FLSA violation was willful." Dkt. 24-1 at 3. Further, RCX continues to deny any liability arising from this lawsuit. *See* Dkt. 24-2 at 2; Dkt. 25-1 at 1.

*Second*, the settlement agreement is fair and reasonable. The settlement does not appear to be the product of employer overreaching—after attorney fees, Plaintiff will receive $40,000 as a "compromise" of the total amount of $44,622 owed, and "all hours were paid at double time in

consideration of FLSA requirements that unpaid overtime wages be doubled." Dkt. 24-1 at 2. The settlement was also the product of arm's length bargaining, with counsel for the parties conducting a detailed review via "several phone conferences to confirm the veracity and comprehensiveness of [Plaintiff's] hours" before reaching the compromise amount of $40,000. Dkt. 24-1 at 2, 4.  Further, "this agreement allows Plaintiff to recover now and not face any further litigation-related delay." *Davis*, 2022 WL 17146742, at *2 (D.D.C. Nov. 22, 2022) (cleaned up); *see also* Dkt. 25-1 at 1; Dkt. 24-1 at 4.

Lastly, the proposed attorney fee award, which according to the parties is $8,000, or nearly 17 percent, of the total $48,000, *see* Dkt. 24-1 at 3,[3] is reasonable. *See Eley*, 236 F. Supp. 3d at 65–66 (attorney fee award that was about 37 percent of total recovery was reasonable); *Carrillo*, 51 F. Supp. 3d at 126–27 (approving settlement agreement where attorney fee award was nearly 55 percent of total recovery).

---

[3] The settlement agreement does not specify the amount of attorney fees and includes a different payment structure than the one the parties describe in their brief in support of their Joint Motion for Approval of Settlement. *See* Dkt. 24-1 at 3–4; Dkt. Dkt. 25-1 at 3.  The Court's finding that the proposed fee award is reasonable is based on the parties' representation, in their brief, that the fee is $8,000. *See* Dkt. 24-1 at 3. The payment structure in the settlement agreement will control.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff and Defendant RCX's Joint Motion for Approval of Settlement is hereby **GRANTED**, insofar as the agreement represents a bona fide compromise of Plaintiff's FLSA claims that is fair and reasonable.[4]  The entry of default against Defendant Stadium Group is **VACATED**, and the case against all Defendants is **DISMISSED WITH PREJUDICE**.  This is a final and appealable order.

    **SO ORDERED**.

_____

ANA C. REYES
United States District Judge

Date:  May 11, 2023

---

[4] "The Court declines to opine on any aspect of the [a]greement that does not pertain directly to the compensation due to Plaintiff[] and Plaintiff['s] counsel." *Eley*, 236 F. Supp. 3d at 66 n.6; *see also Carrillo*, 51 F. Supp. 3d at 134–35.